UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>     Petitioner,<br><br> vs.<br><br>DARIN YOUNG, BOB DOOLEY, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>     Respondents. | 5:17-CV-05011-KES<br><br><br><br>REPORT AND RECOMMENDATION |

  Petitioner Bruce Edgar Smith filed this most recent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 10, 2017.  Mr. Smith is an inmate in a South Dakota prison pursuant to a state court judgment of conviction.  Mr. Smith again challenges his 1997 state rape conviction involving his then-13-year-old step-daughter.  This court previously considered Mr. Smith's habeas petition regarding the same conviction.  See Smith v. Weber, CIV. 00-5110-KES (D.S.D. 2000).  That petition was decided on the merits and dismissed March 1, 2001.  Id. at Docket No. 8.

  Mr. Smith filed a second habeas petition on June 13, 2012.  See Smith v. Weber, CIV. 12-4103-KES (D.S.D. 2012).  Because there was no showing Mr. Smith received permission from the Eighth Circuit Court of Appeals to file a second or subsequent petition the petition was dismissed.  Id. at Docket

No. 6.  Mr. Smith appealed that ruling and the Eighth Circuit summarily affirmed the judgment of the district court.  Id. at Docket Nos. 11 & 12.

Now pending is Mr. Smith's third § 2254 habeas petition in this court.  See Docket No. 1.  Mr. Smith has made no showing he received permission from the Eighth Circuit Court of Appeals to file a second or subsequent petition for a writ of habeas corpus as is required by 28 U.S.C. § 2244(b)(3)(A).

> A "second or successive" habeas petition requires authorization from a federal court of appeals prior to filing.  28 U.S.C. 2244(b)(3)(A).  "Second or successive" is a term of art and not every habeas petition that is second in time requires preauthorization.  Crouch v. Norris, 251 F.3d 720, 723-25 (8th Cir. 2001).  Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining our authorization.  Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003).

See Williams v. Hobbs, 658 F.3d 842, 853 (8th Cir. 2011).

If an application is "second or successive," the petitioner must obtain leave from the Court of Appeals before filing it with the district court.  See Magwood v. Patterson, 561 U.S. 320, 331 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)).  District courts must dismiss for lack of subject matter jurisdiction second or successive applications unless the petitioner has obtained the requisite court of appeals preauthorization.  Id.; Burton v. Stewart, 549 U.S. 147, 157 (2007).  If, however, an application was not second or successive, it is not subject to § 2244(b) at all and is reviewable in the district court directly.  Magwood, 561 U.S. at 331; In re Moore, 196 F.3d 252, 254 (D.C. Cir. 1999).

Section 2244(b)(3) "impose[s] three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed." See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (citing § 2244(b)(1)). "Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Id. § 2244(b)(2). Third, if a petition is second or successive, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3)." Id.

The gist of Mr. Smith's claim in his third § 2254 petition is that he allegedly had sex with his step-daughter only in Colorado, never in South Dakota, thus depriving the South Dakota state courts of jurisdiction because no criminal act allegedly occurred in South Dakota. See Docket No. 1 at pp. 7-8. Mr. Smith has known this all along, but never spoke up previously and refused to testify at his trial. Id. Mr. Smith's motivation for keeping these facts quiet all these years is that he was waiting for the 15-year statute of limitations to run so that his wife would not also be charged with a crime. Id. According to Mr. Smith, the sex act with his step-daughter was instigated by his wife because she could no longer have children so she wanted her daughter to bear a child which Mrs. Smith would then raise as her own. Id.

Obviously, these facts, if they were true, were known to Mr. Smith since the time he was originally charged with rape. His alleged desire to spare his

3

wife from facing criminal charges does not entitle him to bring a second or successive habeas petition after the statute of limitations for rape has run. That is because the facts of a second or successive petition must be "new" and they could not have been discoverable through the exercise of due diligence. Engesser v. Dooley, 686 F.3d 928, 936 (8th Cir. 2012). The facts Mr. Smith assert satisfy neither prong of the test.

The instant habeas petition pending before the court does not comply with § 2244(b). It clearly is a "second or successive" petition and Mr. Smith did not apply to the Eighth Circuit prior to filing the petition to obtain that court's order authorizing his third habeas application. See 28 U.S.C. § 2244(b)(3)(A). The language of § 2244(b)(3)(A) is mandatory—"shall." The failure of Mr. Smith to obtain an order from the Eighth Circuit authorizing this third petition is fatal because this court lacks jurisdiction to hear Mr. Smith's petition. Burton, 549 U.S. at 157. When issues of subject matter jurisdiction are apparent, the court may raise the issue *sua sponte*. See Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). Because this court has no subject matter jurisdiction over Mr. Smith's petition, it is hereby

RECOMMENDED that Mr. Smith's petition be dismissed without prejudice and all pending motions denied as moot.

DATED February 22, 2017.

                                            BY THE COURT:

                                            VERONICA L. DUFFY
                                            United States Magistrate Judge