UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>PETITIONER,<br><br>vs.<br><br>DARIN YOUNG, BOB DOOLEY, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 5:17-CV-05011-KES<br><br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, Bruce Edgar Smith, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed because it is a "second or successive" petition, and Smith did not receive authorization from the Eighth Circuit Court of Appeals to file it. Docket 14.

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Here, Magistrate Judge Duffy recommends dismissal. Smith filed numerous documents in response to the report and recommendation, but he fails to show that he was authorized by the Eighth Circuit to bring his petition. Therefore, the report and recommendation is adopted, and Smith's petition is dismissed.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because the record shows Smith previously filed a habeas petition and fails to show that he obtained permission to file this habeas petition from the Eighth Circuit.

Before denial of a § 2254 petition may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). The court finds that Smith fails to make a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Smith's objection/response to the report and recommendation (Docket 10) is overruled.
2. The report and recommendation (Docket 5) is adopted in full.
3. Smith's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed.
4. A certificate of appealability is not issued.
5. Smith's motion to appoint counsel (Docket 9) is denied as moot.
6. Smith's motion for joinder (Docket 11) is denied as moot.
7. Smith's motion to vacate sentence or order release immediately (Docket 15) is denied as moot.
8. Smith's motion for writ of coram nobis (Docket 16) is denied as moot.

Dated May 15, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE